IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANNA FONTANA                                                                                    PLAINTIFF

v.                              Civil No. 05-5109

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION

On June 20, 2006, Plaintiff, Anna Fontana, appealed to this Court from the denial of her application for social security disability benefits by the Commissioner of the Social Security Administration (hereinafter "Commissioner") (Doc. #1). On August 1, 2006, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #10 & 11).

Plaintiff's attorney, Mima Kilgore Cazort, filed a Motion for Attorney's Fees pursuant to the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA"*), on August 23, 2006 (Doc. #12-13). The Commissioner filed her response to the EAJA motion on September 9, 2006 (Doc. #14). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)*.

Plaintiff is the prevailing party in this matter. The Commissioner expressly states that she does not oppose the award of a reasonable attorney's fee under the *EAJA*, the hourly rate sought or the number of hours for which compensation is requested (Doc. #14). The Court

construes the Commissioner's failure to respond as both a lack of opposition to the award of a reasonable fee and as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984).*

AO72A
(Rev. 8/82)

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood, 487 U.S. 552, 573 (1988).* The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for attorney fees is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A).* The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B).* Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Plaintiff's attorney requests an award under the *EAJA* at the average rate of $169.29 per hour, for the 19.60 hours which she asserts she devoted to the representation of plaintiff in this Court. Plaintiff's counsel seeks $169.29 per hour based upon an increase in the cost of living (Doc. #12-13).

The party seeking attorney fees bears the burden of proving that the claimed fees are

-3-

reasonable. *Hensley v. Eckerhart,* 461 U.S. at 437.

> *28 U.S.C.A. § 2412(d)(2)(A)* provides:
>
> "fees and other expenses" includes....reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that....(ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's counsel presented a copy of the Consumer Price Index as evidence of an increase in the cost of living (Doc. #12, Attachment 3), and thus, has presented sufficient evidence of an increase in the cost of living. Therefore, her argument for increased attorney fees, based on a cost of living increase, has merit.

We further conclude that in light of the evidence of an increased cost of living, awarding an enhanced fee in the amount of $148.00 per hour, rather than $169.29, would promote consistency in the *EAJA* awards in the judicial districts of Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990)*. Thus, upon consideration of the above consideration, we find that an appropriate hourly rate for the award of attorney's fees in this case is $148.00 per hour.

Further, as has been noted, the defendant failed to file an objection to the number of hours for which counsel seeks a fee award. Yet, as always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #12, attachment #2).

Counsel seeks compensation for a total of 19.60 hours under the *EAJA*. After a careful review of counsel itemization, the number of hours is found to be both fair and reasonable.

Thus, we find that plaintiff's counsel is entitled to compensation for 19.60 hours spent

AO72A
(Rev. 8/82)

in the representation of this plaintiff before the district court. at the rate of $148.00 per hour, as well as reimbursement for costs and expenses in the amount of $55.57, for a total attorney's fee award of $2,956.37 under the *EAJA*.

      The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

      IT IS SO ORDERED this 6th day of October, 2006.

                                          /s/Bobby E. Shepherd
                                          Honorable Bobby E. Shepherd
                                          United States Magistrate Judge

AO72A
(Rev. 8/82)